UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TODD GREINER FARMS PACKING LLC, et al.,

    Third-Party Plaintiffs,

v.

INTERNATIONAL EASY LABOR, INC. and
EMMANUELLY GERMAIN,

    Third-Party Defendants.
_____/

Hon. Janet T. Neff

Case No. 1:16-cv-00188

## REPORT AND RECOMMENDATION

This matter is before the Court on Third Party Plaintiffs' Motion for Default Judgment (ECF No. 103), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. §636(b)(1)(B). A hearing on the motion was held December 18, 2018.

Default was entered in this matter as to Third Party Defendant International Easy Labor, Inc. on June 19, 2017 (ECF No. 88) and as to Emmanuelly Germain on November 6, 2018 (ECF No. 102). Third Party Plaintiffs, through counsel, appeared for the December 18, 2018 hearing on the motion for default judgment. The defaulting parties did not appear for the hearing or contact the court in any way.

## THE PARTIES

Third Party Defendants International Easy Labor, Inc. and Emmanuelly Germain are neither minors nor incompetent persons. As Third Party Defendant International Easy Labor, Inc. has not answered or otherwise pled, the allegations against it are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6). Default was entered against Third Party

Defendant Emmanuelly Germain for his failure to appear for a settlement conference on November 6, 2018, and his failure to follow rules and orders of the court.

## **STANDARD**

The rule governing default judgment is Fed. R. Civ. P. 55(b), which reads as follows:

> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> >
> > > (A) conduct an accounting;
> > >
> > > (B) determine the amount of damages;
> > >
> > > (C) establish the truth of any allegation by evidence; or
> > >
> > > (D) investigate any other matter.

Because the default judgment sought is not for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2).

## DISCUSSION

As discussed on the record at the December 18, 2018 hearing, default judgment against Third Party Defendants International Easy Labor, Inc. and Emmanuelly Germain is appropriate in the amounts requested. Third Party Plaintiffs are entitled to indemnification of the settlement amount paid to resolve the counterclaims against them, i.e., $28,500.00. The undersigned has also reviewed the billing records and affidavits submitted and finds the legal fees incurred in the matter, $56,799.50, reasonable and appropriate. Finally, $14,081.75 in fees and costs were reasonably and necessarily incurred in litigating the underlying dispute and should be included in the default judgment against Third Party Defendants International Easy Labor, Inc. and Emmanuelly Germain.

## CONCLUSION

It is recommended that Third Party Plaintiffs' Motion for Default Judgment (ECF No. 103) be GRANTED, and that default judgment in a form similar to the proposed judgment submitted (ECF No. 106) be entered on behalf of Third Party Plaintiffs against Third Party Defendants International Easy Labor, Inc. and Emmanuelly Germain.

Dated: December 18, 2018                /s/ Ellen S. Carmody
                                        ELLEN S. CARMODY
                                        U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's

4

order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).